UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID RICHARD CARLSON,

    Petitioner,

v.

Warden BECKY DOOLY,

    Respondent.

Civil No. 13-0525 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In August 2004, Petitioner sexually assaulted a thirteen-year-old girl. He was charged with first degree criminal sexual conduct, and a Minnesota state court jury found him guilty of that offense. He was sentenced to 144 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was sentenced, he filed a direct appeal that presented several grounds for relief. However, the Minnesota Court of Appeals rejected all of Petitioner's arguments on the merits, and affirmed his conviction and sentence. State v. Carlson, No. A07-2144 (Minn.App. 2009), 2009 WL 304732 (unpublished opinion), rev. denied, April 29, 2009.

In 2010, Petitioner filed a federal habeas corpus petition in this Court, challenging his state court criminal conviction on several grounds. The claims raised in that petition were considered and rejected on the merits, and the petition was dismissed with prejudice. Carlson v. Dooly, No. 10-1882 (JNE/JJG) [hereafter "Carlson I"]. Petitioner tried to appeal that ruling, but the Eighth Circuit Court of Appeals declined to grant him a Certificate of Appealability, and summarily affirmed the District Court's denial of his application for a writ of habeas corpus. The United States Supreme Court denied his petition for a writ of certiorari on November 28, 2011. Carlson v. Dooley, 132 S.Ct. 783 (2011).

Petitioner has also challenged his state criminal conviction and sentence in two state court post-conviction proceedings. Both of those efforts were unsuccessful. See Carlson v. State, No. A12-394 (Minn.App. 2012), 2012 WL 5476140 (unpublished opinion), rev. denied, January 15, 2013.

In Petitioner's current habeas corpus petition, which was filed on March 6, 2013, he is once again challenging his state court conviction for criminal sexual conduct. It is somewhat difficult to identify the specific grounds for relief that Petitioner is attempting to raise in his current petition, but it is clear that he is again seeking federal habeas corpus review of the same conviction and sentence that were before the Court in Carlson I. The

Court finds that the present habeas corpus petition is a "second or successive petition," which must be summarily dismissed for lack of jurisdiction, for the reasons discussed below.[2]

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3] Under that rule, a district court cannot entertain a second

---

[2] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed below, and addressing the fee issue would only delay the inevitable dismissal of this action.

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)**
    **(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the court of appeals in order for a district court to consider a second or successive application for habeas corpus relief); Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive,

---

> move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

The petition now before this Court is Petitioner's second application for federal habeas corpus review of his state court conviction for first degree criminal sexual conduct. Because Carlson I was dismissed on the merits and with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

It appears that Petitioner may be attempting to bring new claims based on "new evidence" or new legal arguments that allegedly were not available to him during the Carlson I proceedings. Petitioner may believe that he should be allowed to raise new

claims in a new habeas petition, without obtaining a pre-authorization order from the Court of Appeals. However, that notion must be rejected, because even new claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the court of appeals). See also Crawford, 698 F.3d at 1088-89 ("the court of appeals may authorize a second or successive petition if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense'") (quoting 28 U.S.C. § 2244(b)(2)(B)).

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's Minnesota state court conviction, unless Petitioner first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Therefore, this case must be summarily dismissed for lack of jurisdiction. The United States District Court for the District of Minnesota cannot entertain any habeas claims challenging the conviction at issue, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 3, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new

habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[4] Petitioner is once again advised, however, that this District Court will not entertain any future habeas corpus petition pertaining to his state court conviction for first degree criminal sexual conduct, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[5]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

---

[4] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[5] Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

7

2. This action be summarily **DISMISSED** without prejudice for lack of jurisdiction.

Dated: March 26, 2013
　　　　　　　　　　　　　s/ *Jeanne J. Graham*
　　　　　　　　　　　　　JEANNE J. GRAHAM
　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 12, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.